HARE & CHASE, Inc. v. HOAG, et

Ohio Appeals, 6th Dist., Lucas Co.
No. 1838. Decided March 14, 1927

229. CHATTEL MORTGAGES—1. The right of a mortgagee to possession of chattel in replevin, depends entirely upon conditions of the mortgage.

2. Where mortgage provides that "the mortgagor may take immediate possession of said chattel" the mortgage must be considered as meaning what its words import, where no reformation thereof, was sought.

**First Publication of this Opinion**

LLOYD, J.

Hare & Chase of Toledo, Inc. brought this action in replevin against Loretta Hoag in the Lucas Common Pleas seeking the possession of a Reo truck purchased by defendants. Part of the purchase price was paid and twelve notes, secured by chattel mortgage, payable one each month made up the balance thereof. The notes were later discounted by and endorsed to the plaintiff, to which company the mortgage was then also assigned.

The first two notes were paid and upon failure to pay the third note at maturity, plaintiff demanded that all of the notes be then paid or possession of the truck would be taken in accordance with the conditions of the mortgage.

Within five days thereafter defendants offered to pay this third note which was refused. In the action in the lower court, judgment was entered upon the verdict in favor of defendants. Error was prosecuted and the Court of Appeals held:

1. Plaintiff claims that under the terms of the mortgage, it had an absolute right to the possession of the truck and that the facts entitled it to a directed verdict in its favor.

2. The mortgage does not invest plaintiff with the right to such possession but provides that defendants may retain possession of the truck as long as they fully comply with the provisions thereof; that if default be made in the payment of any of the installments, "all

of the unpaid installments shall become at once due and payable and the mortgagor may take immediate possession of said chattel - - and with or without legal process may enter any premises where said chattel may be found and take possession thereof."

3. The right of plaintiff to possession of the truck depends entirely upon the conditions of the mortgage. The defendants, not the plaintiff, are the mortgagors."

4. No reformation of the mortgage was sought and this case being one in law and not in equity, the mortgage must be considered as meaning what its words import.

5. The finding of the jury as to the possession of the truck accords with what the trial court should have found as a matter of law.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—Ritter & Brumback for Hare & Chase; Harold J. Kehoe for Hoag et; all of Toledo.