DOLLAR SAVINGS & TRUST CO., APPELLANT, *v.* SYDAH, D. B. A. SYDAH VENDING CO., APPELLEE.

(No. 4211—Decided December 12, 1951.)

*Mr. Richard B. Wills* and *Mr. Harold L. Infield,* for appellant.

*Mr. Harry F. Clarke* and *Mr. Duane W. Alexander,* for appellee.

DOYLE, J.  In this action in replevin, instituted by the Dollar Savings & Trust Company against one George Sydah, doing business as the Sydah Vending Company, the Court of Common Pleas of Summit County determined by its judgment that "the right of property and the right of possession at the commencement of the action" of four automatic coin-operated music machines was in the defendant, Sydah.

There is evidence tending to prove that the plaintiff bank held a chattel mortgage on a number of the music box machines owned by the G. I. Music Company, and the debt secured by the mortgage was in default for payments.  The defaults arose because of the inability of the mortgagor to sell a sufficient number of its music machines to make a profit.  In view of these circumstances, it was agreed between the bank and the financially tottering Music Company to have the instruments moved from Youngstown, Mahoning county, Ohio (the place where the mortgage was filed and recorded), to Cleveland, Cuyahoga county, Ohio, where they would be offered for sale.  This was done, and they were displayed for sale to the general public.

The defendant, George Sydah, as a part of the general public, without notice or knowledge of the Mahoning county recorded mortgage, purchased four of the machines off of the sales floor in Cleveland from the Music Company and paid the full price for the merchandise.

Pursuant to further financial difficulties of the Music Company and further delinquency in its loan to the bank, the present suit in replevin was instituted by the bank against the buyer, Sydah, and the claim for recovery was predicated upon the chattel mortgage held by the bank.

We find from the record sufficient evidence to justify the ruling of the trial court that the right of property and the right of possession was in the defendant, Sydah, at the commencement of the action.

In concluding this phase of the case, we agree with the trial court in its declaration that the bank "gambled" with the Music Company that it "would do nothing wrong" and placed it "in a position to sell to an innocent purchaser for value"; and that, "as between the bank, the one who put it in the hands of the other to defraud," and Sydah, the innocent party, "the innocent party should prevail * * *."

Continuing now to the second phase of the case, we find that the court awarded to the defendant damages in the amount of $1,000.

In view of the fact that a redelivery bond was furnished, the merchandise never left the possession of the defendant, and apparently no damage for loss of possession of the machines ensued. It thus appears that the court awarded damages for the following items, set forth and requested in the defendant's motion: expense of travel to New York and elsewhere of defendant's attorneys, stenographic fees in connection with depositions taken by the defendant, fees charged by two attorneys in connection with their representation of the defendant in the litigation, and the cost of a redelivery bond.

Are these items of expense of the defendant legitimate elements of damage under the statutes?

By the common law, if the plaintiff in replevin did not prevail in his suit, the defendant had judgment for a return of the property; and by the statute of Westminster, 2 C. 2, the sheriff executing the writ of replevin was required to take pledges, not only for prosecuting the suit, but for a return of the property if a return should be adjudged. Whether the common law in this respect or the statute of Westminster ever

prevailed in this state, we do not decide. Suffice it to say that presently by our practice there may, under certain circumstances, be given a judgment for damages to the defendant in the same suit which he defends and wins in replevin. However, the Ohio statutes entirely govern such proceedings.

Examination of the statutes permitting damages in actions in replevin reveals none specifically controlling the present factual situation. As noted heretofore, the case was tried in a court of competent jurisdiction, and conflicting evidence presented; at the conclusion of the trial, the court, on the evidence, resolved the issues in favor of the defendant and entered its judgment accordingly. It will further be remembered that the defendant at all times was in possession of the property through the furnishing of a redelivery bond.

In the statutory action in replevin, the possession of property may be obtained before trial by the plaintiff if he furnishes a bond in compliance with Section 12056, General Code, "to the effect that * * * [he] will duly prosecute the action, and in case the judgment be against him, return the property taken or pay the value so assessed at the election of the defendant; also pay the damages assessed for its taking, detention and injury, with costs of suit."

If the defendant desires to keep or remain in possession of the property, he must furnish a bond in compliance with Section 12059, General Code, "conditioned that in case the judgment be against him, he will return the property taken or pay the value assessed, at the election of the plaintiff, and also pay the damages assessed for its taking, detention and injury, with costs of suit."

In the case before us, both bonds were furnished and the property was not moved from the possession of the defendant.

In connection with the statutes noted above, there must be considered Section 12060, General Code, which provides for an action against the bondsmen for damages growing out of the *successful party's interest in the property occasioned by his loss of the property or its possession*: "for its detention, including all profits, direct or indirect, which the defendant or plaintiff as the case may be, derived from or through such property."

Other provisions of the Code provide for the recovery of damages under certain circumstances. For instance, Section 12069, General Code, is as follows:

"When the property is delivered to the plaintiff, or remains in the hands of the sheriff, as hereinbefore provided, if, upon issue joined, the jury finds for the defendant, they also shall find whether he had the right of property, or the right of possession only, at the commencement of the suit. If they find either in his favor, they shall assess to him such damages as they think are proper, for which, with costs of suit, the court shall render judgment in his favor."

The instant case cannot be governed by this section in an award of damages, because the recovery mentioned is predicated upon property having been delivered to the plaintiff or else placed in the hands of the sheriff.

It is claimed by appellee that Section 12067, General Code, permits the award of damages under this factual situation. This section is as follows:

"When judgment is rendered against the plaintiff on demurrer, or he fails to prosecute his action to final judgment, on application of the defendant, the court shall assess to him proper damages, including damages for the right of property or possession, or both if he proves himself entitled thereto, or cause it to be done by a jury, for which, with costs of suit, the court shall render judgment for the defendant."

As appears in the brief: "Counsel [for appellee] interprets this to mean that if the action is not prosecuted to final judgment *in favor of the plaintiff*, damages shall be allowed and assessed." Of course, this is not what the Legislature said, and this court cannot read something into a statute which pronounces an unequivocal rule which would extend the statute's application to an entirely different factual situation. The words "demurrer" and "failure to prosecute an action to final judgment" have definite legal meanings. In the instant case, there was no failure to prosecute the action to final judgment. It was prosecuted to the very end—in fact, to the judgment in favor of the defendant, from which the present appeal was taken.

It is the conclusion of this court that there is no law in this state which permits an award of damages of any kind in an action in replevin which is prosecuted to a final judgment in favor of the defendant, where the property remained at all times in the possession of the defendant by virtue of the giving of a redelivery bond. This being so, whether attorney fees and other expenses may be considered as an element of damage in a proper case, we do not decide. On the general subject of attorney fees as an element of damage, reference is made to "Editorial Notes" in 15 University of Cincinnati Law Review, 313. And it may be, as stated by the author (at p. 319), that there is a defect "in the American System of justice which needs a remedy, * * * by the legislatures."

Deciding specifically the claimed erroneous award of damages, we conclude that it was prejudicially erroneous to the appellant. The judgment will therefore be affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

HUNSICKER, P. J., and STEVENS, J., concur.