**AMERICA RENTS, Appellant,**

**v.**

**CRAWLEY, Appellee.**

[Cite as *Am. Rents v. Crawley* (1991), 77 Ohio App.3d 801.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–647.

Decided Oct. 22, 1991.

*Arthur G. Wesner*, for appellant.

*Cynthia S. Crawley, pro se.*

**Per Curiam.**

Plaintiff-appellant, America Rents, assignee of Guardian Electronics, appeals from the judgment rendered by the Franklin County Municipal Court. Appellant initiated this action in replevin seeking the return of certain consumer goods from defendant-appellee, Cynthia S. Crawley, resulting from her alleged default on a promissory note. Appellee did not file a responsive pleading to appellant's complaint and, rather than filing an affidavit and posting bond pursuant to R.C. 2737.03, appellant waited the requisite period of time and moved for default judgment. The trial court awarded default judgment to appellant but did not award appellant recovery of the specific property enumerated in the complaint because the trial court concluded that R.C. Chapter 2737 did not authorize post-judgment replevin. Instead, the trial court confirmed appellant's ownership of the property and awarded money damages.

Appellant appeals the municipal court's judgment and raises the following assignments of error:

"1. The trial court erred in holding that a municipal court has no power to issue a post-judgment writ of replevin for the recovery of personal property pursuant to ORC § 2737.01 etc.

"2. The trial court erred in holding that the filing of a motion and affidavit for order of possession of property, pursuant to ORC § 2737.03, is mandatory and must be filed before the trial court renders a final judgment of possession for the movant."

Appellant's assignments of error are interrelated and will be discussed together. Appellant argues that, both by statute and at common law, the municipal court has the inherent power to award post-judgment replevin. Continuing, appellant contends that the prejudgment possession procedure outlined by R.C. 2737.03 *et seq.* is not required for an ultimate award of possession but is merely one option available to the plaintiff.

Initially, we note that replevin has no common-law tradition in Ohio but has always been a statutory cause of action. *Dollar Savings & Trust Co. v. Sydah* (1951), 91 Ohio App. 289, 48 O.O. 375, 108 N.E.2d 113. As early as 1788, replevin was codified in the laws of the Northwest Territory. For a detailed discussion of the history of replevin in Ohio, see Comment—Replevin in Ohio: Its Nature, Development, and Constitutionality (1976), 7 U.Tol.L.Rev. 517. Therefore, any authority over an action in replevin possessed by the municipal court must derive from the Revised Code.

R.C. 2737.03 permits the plaintiff, in an action for recovery of specific property, to file a prejudgment motion which, if accompanied by a proper affidavit and bond, will allow plaintiff to recover possession of the property at issue. R.C. 2737.11 allows the defendant to retain possession by the execution of a redelivery bond. Both of these sections are written in permissive terms, implying that prejudgment possession is an option held by either party, but one that need not be pursued. R.C. 2737.14, addressing final judgment, states in part:

"In an action to recover possession of personal property in which an order of possession has been issued, the final judgment shall award permanent possession of the property * * *. If delivery of the property cannot be made, the action may proceed as a claim for conversion * * *."

R.C. 2737.14 specifically states that a court can award permanent possession only if an order of possession has been entered. If no prejudgment order has been issued, then a court can confirm only title and award damages but cannot grant possession. Additionally, R.C. 2737.02 expressly provides that " * * * possession of specific personal property may be recovered in a civil action prior to the entry of judgment * * *." Ohio case law is consistent with

the proposition that replevin is solely a prejudgment remedy. When property has not been seized, or where the defendant has retained possession by posting bond prior to the entry of final judgment, the action in essence converts from one in replevin to one in conversion and only damages are awardable. *Pugh v. Calloway* (1860), 10 Ohio St. 488. Therefore, all relevant authority indicates that replevin exists only as a prejudgment remedy which the plaintiff must affirmatively pursue prior to the entry of final judgment.

■ Replevin is solely a statutory remedy in Ohio. It is an action at law, not in equity and, therefore, a court cannot provide remedies not specifically enumerated by statute. *Hare & Chase v. Hoag* (1927), 27 Ohio App. 326, 161 N.E. 224. R.C. Chapter 2737, in clear and unambiguous language, states that replevin is a prejudgment remedy that is available only if specific procedures are followed. Appellant's arguments to the contrary are unpersuasive.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac, Reilly and Wilson, JJ., concur.

Archer E. Reilly, J., retired of the Tenth Appellate District, sitting and hearing the appeal pursuant to active duty prior to his retirement, and assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, subsequent to his retirement.

Roger B. Wilson, J., of the Champaign County Common Pleas Court, sitting by assignment.