OPINION
Appellant, Susan D. Bond, appeals from the August 22, 2001 judgment entry of the Geauga County Court of Common Pleas.
On September 1, 2000, appellant filed a complaint seeking a mandatory injunction against her siblings, Daniel E. Bond ("Daniel"), Jo Ann White ("Jo Ann"), and John A. Bond as Trustees of the Marguerite L. Bond Trust (the "trust"), and appellee, John A. Bond, individually. She sought the return of certain personal property belonging to her. All of the parties to the action filed an answer. On April 20, 2001, appellant filed a motion to dismiss Daniel, Jo Ann, and John A. Bond, as Trustee of the trust, which the trial court granted on April 26, 2001. A trial was held on August 20, 2001.
In 1988, the mother of appellant and appellee established a trust. In 1996, certain assets were distributed from the trust to appellant and her siblings. Appellant received all of the genealogy and related materials. However, appellant lived in California and left most of the items at the family homestead until the items could be shipped to her. Upon receiving the items in California, she discovered that her mother's family Bible, other genealogy material, and a wedding band were not included in the shipment. Appellant inquired as to the whereabouts of the missing items. She learned that appellee had taken possession of the family Bible and other genealogy materials in order to review them and photocopy them for himself and his children. Appellee denied having possession of the wedding band.
Appellee kept the materials in his office, which was located in Burton Village, in order to make photocopies for himself. Thereafter, appellant demanded that appellee return the items to her. On August 7, 1997, she wrote appellee a letter stating that she would be in Ohio in late September to retrieve the genealogy materials. Appellee did not return the items because he stated that he had not completed his review and copying.
On May 22, 2001, the parties stipulated to the following facts: (1) On August 22, 2000, appellant's attorney left a message and sent a letter to appellee requesting the return of the genealogy material that he had in his possession; (2) between August 26, 2000 and August 28, 2000, appellant's attorney and appellee left telephone messages for each other; (3) on August 29, 2000, appellee contacted the Burton Village Police Department to report that certain items, including the genealogical materials and related matter, had been stolen from his office at some undetermined date and time; and (4) on August 31, 2000, appellee and appellant's attorney spoke on the telephone, and appellee was told that an action would be filed against him.
At the close of the trial, the court asked what remedy was requested. Appellant's attorney replied that the "[r]eturn [of] the records and an order of attorney's fees." Appellant's attorney further stated that even though there was no statutory authority to award attorney fees, perhaps that was equitable relief that the court could grant.
In a decision dated August 22, 2001, the trial court found that appellee was guilty of conversion. However, the trial court explained that:
 "[a]lthough [appellee] has committed a civil wrong, the Court cannot grant [appellant] the remedy she seeks, a mandatory injunction that [appellee] return the property to her. For this Court to order [appellee] to return the Bible and the genealogy materials, the Court would have to completely disbelieve [appellee's] testimony that the office had been broken into, the items were taken, and [appellee] had and has no knowledge of their whereabouts.
 "[Appellee] has served as a volunteer for a number of years in the Chardon Municipal Court. * * * [He] served as the foreman for the Geauga County Grand Jury. * * *.
 "It is difficult to believe that someone would go to the trouble and risk to break into [appellee's] office and steal a Bible and the genealogy materials that have no monetary value. * * * However, it is also difficult to believe that [appellee] would risk contempt or possible felony charges to keep the Bible and the genealogy materials from going to his sister.
 "The Court must deny [appellant's] request for a mandatory injunction. The Court recognizes that [appellant] has not sought monetary damages because it is impossible to place a realistic monetary value on the Bible and the genealogy materials that have disappeared; however, the Court is unable to fashion an equitable remedy that would make [appellant] whole."
As a result, the trial court denied appellant's request for a mandatory injunction, but ordered appellee to pay costs of the action since appellee was found guilty of conversion. Appellant filed the instant appeal and assigns the following as error:
 "The [t]rial [c]ourt erred as a matter of law in failing to order [appellee] to remedy, to the extent possible, his conversion of the personal property of [appellant]."
In her lone assignment of error, appellant asserts that she was denied the legal relief to which she was entitled and such denial violated the Ohio Constitution.
The Supreme Court of Ohio has indicated that a mandatory injunction is an extraordinary remedy, and the right to such remedy exists only when there is some fundamental or organic right already vested that has been abridged, infringed upon, or eliminated. State ex rel. Pressley v.Indus. Comm. of Ohio (1967), 11 Ohio St.2d 141, 153. A trial court's decision to grant or deny an injunction is a matter solely within the court's discretion. Danis Clarkco Landfill Co. v. Clark Cty. Solid WasteMgt. Dist., 73 Ohio St.3d 590, paragraph three of the syllabus, 1995-Ohio-301. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable, and was not supported by competent, credible evidence. Middendorf v. Middendorf,82 Ohio St.3d 397, 401, 1998-Ohio-403.
Here, appellant sought relief in equity by filing a complaint for a mandatory injunction requiring appellee to return the items that belonged to her, and pay her attorney fees and court costs. However, she did not file an action for replevin of the goods or seek any money damages.
Replevin is a statutory remedy that allows a person who owns chattels and is entitled to their possession to pursue their return from a person who wrongfully interferes with that ownership. Am. Rents v. Crawley
(1991), 77 Ohio App.3d 801, 803-804; Smith v. Stacy (June 19, 2001), Pike App. No. 00CA648, 2001 WL 812800, at 7. A trial court does not have the power to issue a post-judgment order for the return of personal property.Crawley at 804. "R.C. Chapter 2737, in clear and unambiguous language, states that replevin is a prejudgment remedy that is available only if specific procedures are followed." Id.
In the instant matter, since appellant sought no replevin action and did not seek any monetary damages in her complaint, the trial court did not err in not ordering the return of the Bible and other genealogy items. The trial court stated in its August 22, 2001 decision that it would have to disbelieve appellee's testimony that his office had been broken into and the items were taken. The trial court further explained that it is difficult to believe that appellee would risk contempt or possible felony charges to keep the materials from appellant. The trial court also indicated in its entry that appellant had not sought monetary damages and that it was unable to fashion an equitable remedy that would make appellant whole.
Based on the foregoing, it is our view that the trial court did not abuse its discretion in denying appellant's mandatory injunction. Hence, appellant was not denied any constitutional rights. However, we note that if the opportunity still exists for appellee to acquire the family Bible and other genealogy materials through the Mayflower Foundation, or if appellee discovers the location and/or comes into the possession of the family Bible and other genealogy materials, he must transmit such items to appellant.
Accordingly, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J. concur.