[Cite as *Busch v. Hardway*, 2014-Ohio-2681.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| SHEILA BUSCH | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| AMY HARDWAY | : | Case No. 2013CA0021 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Coshocton
                                Municipal Court, Case No.
                                CVH 1200019



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               June 11, 2014



APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

BRIAN W. BENBOW                         ROBERT A. SKELTON
605 Market Street                       309 Main Street
Zanesville, OH 43701                    Coshocton, OH 43812

*Baldwin, J.*

{¶1}     Appellant Sheila Busch appeals a judgment of the Coshocton Municipal Court dismissing her complaint for replevin and conversion of a horse against appellee Amy Hardway.

## STATEMENT OF FACTS AND CASE

{¶2}     Appellant traveled to Nebraska on September 8, 2011, and returned to Ohio on November 28, 2011.  On October 9, 2011, appellant's husband sold her quarter horse named Dusty to appellee for $400.00.  When appellant came home and found the horse missing, she called the Coshocton County Sherriff to report the horse as stolen.

{¶3}     When Deputy Michael White responded to the theft complaint, appellant told him that her ex-husband sold the horse to appellee.  In reality, appellant and her husband were still married, although they had been separated for years.  The deputy did not press charges.

{¶4}     Appellant filed the instant action seeking replevin of the horse and damages for conversion of the horse from appellee.  The case proceeded to bench trial in the Coshocton Municipal Court.  On June 1, 2012, the court entered judgment on the replevin action in favor of appellee, and issued findings of fact on June 25, 2012 at appellant's request.  On July 23, 2012, the court issued a nunc pro tunc judgment assessing court costs to appellant.

{¶5}     Appellant filed a notice of appeal with this Court.  We dismissed the appeal for want of a final appealable order, as the court had not yet ruled on the conversion action.  Following a hearing, the court dismissed the conversion claim on August 23, 2013.

{¶6} Appellant assigns two errors to this Court on appeal:

{¶7} "I. THE TRIAL COURT'S JUNE 25, 2012 JUDGMENT ENTRY GRANTING JUDGMENT TO APPELLEE AS TO ALL OF APPELLANT'S CLAIMS WAS AGAINST BOTH THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶8} "II. THE TRIAL COURT DID NOT HAVE JURISDICTION TO MODIFY ITS JUNE 1, 2012 JUDGMENT ENTRY WHEN IT MODIFIED THE JUNE 1, 2012 JUDGMENT ENTRY ON JULY 23, 2012 IN REGARD TO COURT COSTS. THE TRIAL COURT THUS COMMITTED PREJUDICIAL ERROR BY TAXING $707.38 IN COURT COSTS TO APPELLANT WHEN THE JUNE 25, 2012 JUDGMENT ENTRY DID NOT ORDER COURT COSTS IN THAT MANNER."

I.

{¶9} Appellant argues that the court's judgment is against the manifest weight and sufficiency of the evidence.

{¶10} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 376 N.E.2d 578. As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.* (1990), 53 Ohio St.3d 147, 154, 559 N.E.2d 1335.

{¶11} Replevin is solely a statutory remedy in Ohio. *America Rents v. Crawley,* 77 Ohio App.3d 801, 804, 603 N.E.2d 1079 (1991). R.C. 2737.03 permits the plaintiff, in an action for recovery of specific property, to file a prejudgment motion which, if accompanied by a proper affidavit and bond, will allow the plaintiff to recover possession of the property at issue. *Id.* at 803. Replevin is solely a prejudgment remedy; when property has not been seized or where the defendant has retained possession by posting bond prior to the entry of final judgment, the action converts from one in replevin to one in conversion and only damages are recoverable. *Id.* at 804. Although appellant did not file an affidavit as required by R.C. 2737.03, the court heard the action on its merits and dismissed the action on the basis that appellant did not prove sole ownership of the horse.

{¶12} The elements of a conversion action are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion, (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights, and (3) damages. *Dice v. White Family Companies, Inc.,* 173 Ohio App. 3d 472, 878 N.E.2d 1105, 2007-Ohio-5755, ¶17. The court also dismissed the conversion action on the basis that appellant did not prove sole ownership of the horse.

{¶13} The trial court made specific findings concerning appellant's credibility. In the court's August 23, 2013 judgment, the court incorporated its findings of fact issued on June 25, 2012, and also concluded that appellant failed to prove that she was the sole owner of the horse at the time her husband sold the horse to appellee. The court specifically found that appellant's testimony was not credible. Finding of Fact 10. The court found that her testimony as to the value of the horse was not credible. Finding of

Fact 8. The court did not believe appellant's testimony that she acquired the horse in 2002 as a gift from her father and that its value was $20,000.00. Finding of Fact 6. The court believed the testimony of the deputy that appellant told him she obtained the information as to where the horse was located from her husband, and disbelieved her denial of this statement. Finding of Fact 4.

{¶14} The trial court is in a better position than this court to judge the credibility of the witness, as he was able to view her demeanor at the time she testified. The judge's decision regarding her credibility and conclusion that she did not prove she was the sole owner of the horse is supported by competent, credible evidence.

{¶15} On October 6, 2011, appellant signed a bankruptcy petition stating that she owned no animals. This petition was filed with the bankruptcy court on October 24, 2011. Although she claimed to have family members caring for the horse while she was in Nebraska, no one notified her that the horse was missing as of October 9, 2011; she testified that she did not know the horse was gone until she returned home. After reporting the horse stolen, she told the deputy that her ex-husband sold the horse to appellee, but she was still married at the time. While appellant places great emphasis on the fact that only her name is on the registration with the American Quarter Horse Association and thus she is the only one who could sell the horse, her own expert admitted that the registration is for purposes of breeding and showing, and a horse can be transferred without transferring the registration paperwork.

{¶16} Appellant's testimony concerning the value of the horse was also contradictory. The complaint alleged that the horse was worth $15,000.00. Her amended bankruptcy petition valued the horse at $1,500.00. She testified at the

hearing that the horse was worth $40,000.00-$50,000.00, while later testifying that the same horse was worth $1,500.00. Appellant further gave contradictory testimony concerning how and when she acquired the horse, and the age of the horse.

{¶17} The court's finding that appellant's testimony was not credible and she did not prove that she was the sole owner of the horse at the time her husband sold it to appellee is not against the manifest weight and sufficiency of the evidence. The first assignment of error is overruled.

II.

{¶18} Appellant argues that the court had no jurisdiction to modify the final appealable order of June 25, 2012, to assess court costs to appellant. The June 25, 2012, judgment was not a final, appealable order, and the appeal from this judgment was dismissed by this Court on that basis. Therefore, the court retained jurisdiction to amend its earlier judgment to assess court costs.

{¶19} The second assignment of error is overruled.

{¶20} The judgment of the Coshocton Municipal Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gwin, J. concur.