**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LIFEBRIDGE TECHNOLOGIES, LLC | Case No. 2023-00602JD |
| Plaintiff | Judge Lisa L. Sadler |
| v. | Magistrate Adam Z. Morris |
| WRIGHT STATE UNIVERSITY | <u>DECISION</u> |
| Defendant | |

{¶1} On June 28, 2024, Defendant, Wright State University (WSU), filed its Motion for Summary Judgment, which has been fully briefed. Moreover, on July 31, 2024, Plaintiff filed a Motion to Enforce Settlement Agreement, which has been fully briefed. Initially, the Court shall address Plaintiff's Motion to Enforce Settlement because it involves an alleged preexisting resolution of the case.

**Motion to Enforce Settlement Agreement**

{¶2} Plaintiff argues that the Parties reached a binding settlement agreement during settlement negotiations, from which Defendant cannot unilaterally withdraw. Plaintiff alleges that on July 27, 2024, Defendant extended a settlement offer to Plaintiff which included the terms: Defendant would return Plaintiff's property, which Defendant still retained control or possession over in exchange for Plaintiff dismissing the instant action with prejudice. (Motion to Enforce Settlement Agreement, p. 2). Plaintiff alleges that on July 26, 2024, at 11:04 a.m., Defendant was notified of the acceptance of the settlement offer and that Plaintiff would not file a memorandum in opposition to Defendant's Motion for Summary Judgment. (Motion to Enforce Settlement Agreement, p. 2). Plaintiff alleges that on July 26, 2024, at 5:29 p.m. Defendant attempted to revoke its settlement offer. (Motion to Enforce Settlement Agreement, p. 2).

{¶3} In support of its Motion, Plaintiff included the Affidavit of Nicholas I. Andersen, esq. (Andersen), counsel for Plaintiff. Anderson's Affidavit includes the email

correspondence between the Parties' counsel, which recounts the following communication between counsel:

{¶4} On June 27, 2024, at 4:43 p.m., Attorney Daniel Benoit (Benoit), counsel for Defendant, emailed Andersen the following: "I know it is my client's desire to have the case dismissed with prejudice.  If there are issues with the settlement agreement on their end, *would* your client be amendable to the return of what is in the possession of Wright State and in return you would dismiss with prejudice without having the need to execute the settlement agreement." (Emphasis Added).  (Andersen Affidavit, Exhibit 1-A).  On July 15, 2024, at 1:35 p.m., Benoit emailed Andersen the following; ". . . *I think* they will be amenable to giving him the property that is with them at some point. . . . I will check back in with them in a week or two, and *check if we can still resolve the case through mediation.*" (Emphasis Added).  (Andersen Aff., Exhibit 1-B).  On July 26, 2024, at 5:29 p.m., Benoit emailed Andersen the following: "I heard back from the University and *they are not interested in resolving it as you discussed below.*" (Emphasis Added).  (Andersen Aff., Exhibit 1-C).

{¶5} Upon review, Plaintiff has failed to prove the existence of a binding settlement.  A plain reading of the provided emails shows that the email correspondence between the Parties' counsel was not a binding settlement offer.  Defendant's counsel was clear in that he was putting forward one potential solution to resolve the instant action, and that the offered potential solution would require approval by Defendant.  Accordingly, the Court finds that Plaintiff's interpretation that such discussions constituted a binding settlement agreement is unpersuasive.

{¶6} Additionally, O.R.C. § 2743.15 states, "(A) The director or other administrative chief, or the governing body, of any department, board, office, commission, agency, institution, or other instrumentality of the state: (1) With the approval of the attorney general and the court of claims, may settle or compromise any civil action against the state . . ." Here, no such approval for the alleged settlement was signed for or approved by the Attorney General.

{¶7} Accordingly, Plaintiff's Motion to Enforce Settlement Agreement is DENIED.  Therefore, before the Court is Defendant's Motion for Summary Judgment for a non-oral

hearing pursuant to Civ.R. 56 and L.C.C.R. 4(D).  For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

**Standard of Review**

{¶8} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996).  To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C).  *Id*. at 292-293.

{¶9} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that

there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Facts**

{¶10} Defendant submitted the Affidavit of its employee, Jonathan F. Hung, Associate General Counsel in the Office of the General Counsel, with its Motion for Summary Judgment.  Hung's Affidavit authenticates two email communications, which include employees of Defendant and an authorized member of Plaintiff, Dr. Mark Anstadt (Dr. Anstadt), maintained by Defendant in its normal course of business.  Defendant did not submit any Civ.R. 56(C) evidence.  Accordingly, the relevant pleadings and evidence submitted, viewed in a light most favorable to Plaintiff, show the following:

{¶11} On July 6, 2004, Dr. Anstadt, an authorized member of Plaintiff, Lifebridge Technologies, LLC, and faculty member at WSU, established an experimental research laboratory at WSU.  (Complaint, ¶ 6-7).  Dr. Anstadt set up the laboratory utilizing equipment "owned and operated by Plaintiff."  (Compl., ¶ 9).

{¶12} On September 3, 2019, Dr. Anstadt was deployed by the US Army.  (Compl., ¶ 10).  While deployed, post-graduate students and WSU faculty continued the use of Dr. Anstadt's laboratory for research.  (Compl., ¶ 11).

{¶13} In December 2019, Dr. Anstadt returned to WSU's campus to an empty laboratory and enlisted the help of campus police to search for the missing equipment. (Hung Affidavit, Exhibit A, Wright State_000003).  On January 2, 2020, Dr. Anstadt responded to a January 1, 2020 email correspondence from Defendant's Chief Operating Officer informing him that his laboratory equipment had been removed and his lab cleared.  (Hung Aff., Ex. A, Wright State_000001-Wright State_000002).  On January 3, 2020, Dr. Anstadt was informed his communication with Defendant should proceed through its Office of General Counsel.  (Hung Aff., Ex. A, Wright State_000001).

{¶14} On January 7, 2020, Defendant's General Counsel confirmed with Dr. Anstadt via electronic communication that correspondence had been sent over a year prior regarding the disrepair of his laboratory and that it would be cleared for safety concerns and that the laboratory equipment, failing to have any university property indicators, would have either been moved to storage or sold, to which Dr. Anstadt

responded to on January 9, 2020. (Hung Aff., Ex. B, Wright State_000043-Wright State_000044). At that time, Defendant still maintained some of Plaintiff's equipment that had not been sold or disposed. (Hung Aff., Ex. A, Wright State_000044).

{¶15} Plaintiff filed its Complaint on September 13, 2023.

**Law and Analysis**

{¶16} Plaintiff asserts claims for replevin, or in the alternative, monetary damages, conversion and unauthorized use of property pursuant to R.C. 2913.04(A), related to Defendant's removal of Plaintiff's equipment from Dr. Anstadt's experimental research laboratory. (Compl., ¶ 15-18; 19-22; 23-25).

{¶17} Defendant asserts that it is entitled to summary judgment because Plaintiff's claims are "barred by the statute of limitations for tortious claims against the State of Ohio." (Defendant's Motion for Summary Judgment, p. 2). Defendant argues that Plaintiff had notice of the alleged incident in 2019, or 2020 at the latest, yet filed the instant action in 2023. (Defendant's Motion for Summary Judgment, p. 2).

{¶18} In response, Plaintiff acknowledges the statute of limitations, but argues that exceptions to the statute of limitations exist in this action, specifically Plaintiff's claim for replevin. (Plaintiff's Response to Motion for Summary Judgment, p. 1). Plaintiff argues that because Defendant allegedly acknowledges that they remain in possession of some of Plaintiff's physical property the instant action is an ongoing issue, thus the statute of limitations for Plaintiff's claims for replevin "is not subject to the statute of limitations." (Plaintiff's Response to Motion for Summary Judgment, p. 1). Plaintiff "respectfully requests that Defendant's Motion be denied, in part, and that Plaintiff's claim for replevin be permitted to proceed." (Plaintiff's Response to Motion for Summary Judgment, p. 1).

***Conversion and Unauthorized Use of Property***

{¶19} "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). To establish the tort of conversion, Plaintiff must show: "(1) the plaintiff had ownership or the right of possession of the property at the time of conversion; (2) the defendant's

conversion by a wrongful act or disposition of plaintiff's property or property rights; and (3) damages resulted therefrom." *RAE Assocs., Inc. v. Nexus Communications, Inc.*, 2015-Ohio-2166, ¶ 30 (10th Dist.). A plaintiff must also show that they demanded the return of the property after the alleged conversion, and defendant refused. *Cent. Funding, Inc. v. Compuserve Interactive Servs., Inc.*, 2003-Ohio-5037, ¶ 62 (10th Dist.).

{¶20} Plaintiff brings its unauthorized use of property claim based on R.C. 2913.04, which is titled "Unauthorized use of property – computer, cable, or telecommunication property." R.C. 2913.04(A) states, "[n]o person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent."

{¶21} R.C. 2743.16(A) provides, "civil actions against the state . . . shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." Moreover, a cause of action generally "accrues at the time the wrongful act is committed.'" *Nazareth Deli LLC v. John W. Dawson Ins. Inc.*, 2022-Ohio-3994, 200 N.E.3d 652, ¶ 29 (10th Dist.), quoting *Harris v. Liston*, 86 Ohio St.3d 203, 205, 714 N.E.2d 377 (1999). A takings or conversion claim maintains a "discovery rule" that requires the wrongdoer first be discovered and, as such, "the cause of action accrues 'at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.'" *Koe-Krompecher v. City of Columbus*, 2005-Ohio-6504, ¶ 14 (10th Dist.), quoting *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989).

{¶22} Upon review, the Court finds that the Civ.R. 56(C) evidence submitted by Defendant establishes that Plaintiff's cause of action for conversion and unauthorized use of property accrued, at the latest, on January 7, 2020, when Defendant, through its Office of General Counsel, confirmed that "[t]he equipment was either moved to storage or sold as unclaimed surplus." (Hung Aff., Ex. B, Wright State_000044). Although Plaintiff's authorized member, Dr. Anstadt, returned to an empty laboratory in December 2019, it was not until January 7, 2020, that Plaintiff affirmatively learned Defendant removed the equipment.

{¶23} As such, Plaintiff had until January 7, 2022, to file the instant action. But Plaintiff filed its Complaint on September 13, 2023, well past the two-year statute of

limitations.  Accordingly, Defendant has met its initial burden as the moving party seeking summary judgment pursuant to Civ.R. 56(C).

{¶24} Upon review, Plaintiff did not submit any Civ.R. 56(C) to meet its reciprocal burden that Plaintiff's claims for conversion and unauthorized use of property are not barred by the statute of limitations.  Moreover, Plaintiff seemingly abandons such claims.  (*See* Plaintiff's Response to Motion for Summary Judgment, p. 1 ("Plaintiff respectfully requests that Defendant's Motion be denied, in part, and that Plaintiff's claim for replevin be permitted to proceed.")).

{¶25} Accordingly, Defendant is entitled to judgment as a matter of law and granting of summary judgment in its favor because Plaintiff's claims for conversion and unauthorized use of property are barred by the statute of limitations.

### *Replevin*

{¶26} Plaintiff fails to provide any authority establishing that actions for replevin, under the facts and evidence before the Court, would not be subject to the two-year statute of limitations established by R.C. 2743.16(A) or that replevin is a viable stand-alone claim in the Court of Claims.  Instead, Plaintiff argues that failure to allow their action of replevin, ". . . would be a gross miscarriage of justice and is not the purpose of the statute of limitations found in ORC 2734.16(A)."  (Plaintiff's Response to Motion for Summary Judgment, p. 1).  Plaintiff states that "Defendant admits in the documents attached to the Affidavit of Jonathan F. Hung that some of Plaintiff's tangible property, including equipment, is still in Defendant's possession."  (Plaintiff's Response to Motion for Summary Judgment, p. 1).

{¶27} Defendant argues that "[e]ven if the Plaintiff is correct, if the claims allowing for money damages are time barred, the only remaining claim would be one in equity.  The Court of Claims does not have jurisdiction over solely equitable claims." (Defendant's Reply to Motion for Summary Judgment, p. 3).  Upon review, the Court agrees that it does not have subject-matter jurisdiction over Plaintiff's replevin claim.

{¶28} "Replevin has no statutory duty in Ohio but has always been a statutory cause of action." *America Rents v. Crawley*, 77 Ohio App.3d 801, 803 (10th Dist. 1991). "Replevin is solely a statutory remedy in Ohio.  It is an action at law, not in equity and,

therefore, a court cannot provide remedies not specifically enumerated by statute." *Id.*, citing *Hare & Chase v. Hoag*, 27 Ohio App. 326 (6th Dist. 1927); R.C. Ch. 2737.

{¶29} "R.C. Chapter 2737, in clear and unambiguous language, states that replevin is a prejudgment remedy that is available only if specific procedures are followed." *Crawley* at 803. "R.C. 2737.03 permits the plaintiff, in an action for recovery of specific property, to file a prejudgment motion which, if accompanied by a proper affidavit and bond, will allow plaintiff to recover possession of the property at issue." *Id.* Authority for replevin actions must derive from the Ohio Revised Code. *Id.* Any authority for replevin must then come from the Ohio Revised Code. *Id.* (tracing statutory authority for replevin to 1788 codification in the laws of the Northwest Territory). However, the Court of Claims retains a specific jurisdiction requirement. *Ohio Edison Co. v. Ohio Dept. of Transp.*, 86 Ohio App.3d 189, 192 (10th Dist.1993) ("Actions in mandamus or for injunctive or declaratory relief were maintainable against the state prior to the adoption of the Court of Claims Act. Therefore, such actions for equitable relief are not affected by the Court of Claims Act and may be brought in the court of common pleas.").

{¶30} "The Court of Claims has exclusive jurisdiction over civil actions against the state for monetary damages that sound in law." *Victorian's Midnight Café LLC v. Goodman*, 2016-Ohio-7947, ¶ 9 (10th Dist.); R.C. 2743.03(A)(2). "Included within the jurisdiction of the Court of Claims are civil actions presenting claims in both law and equity." *Measles v. Indus. Comm. of Ohio*, 2011-Ohio-1523, ¶ 7. "This jurisdiction extends over actions that also include a claim for a declaratory judgment, injunctive relief, or other equitable relief, as long as the ancillary claim or claims arise out of the same circumstances that give rise to the claim for money damages." *Great West Cas. Co. v. Ohio Bureau of Workers' Comp.*, 2015-Ohio-1555, ¶ 11 (10th Dist.); R.C. 2743.03(A)(2). However, if the Complaint fails to state a claim for money damages that sounds in law, then the Court of Claims lacks jurisdiction to hear claims for declaratory and injunctive relief. *Cardi v. State*, 2012-Ohio-6157, ¶ 8 (10th Dist.).

{¶31} Because Plaintiff's monetary claims, conversion and unauthorized use of property, are barred by the statute of limitations, Plaintiff has no valid claims over which the Court has jurisdiction. Upon review, although replevin is historically a claim in law, replevin seeks the return of specific property rather than for money damages. *See*

*Morning View Care Ctr.-Fulton v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 04AP-57, 2004-Ohio-6073, ¶ 25 (It is well-settled that an action for money damages was "intended to provide monetary compensation for injury to the plaintiff's person, property or reputation, whereas an equitable action for specific relief, which may include the recovery of specific property, including monies, represents a particular entitlement or privilege, and not a substitute for the loss occasioned by some prior injury."). Accordingly, without ruling on the merits of the claim, the Court lacks jurisdiction over Plaintiff's claim for relief through replevin and it shall be dismissed. *See* Civ.R. 12(H)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action.").

**Conclusion**

{¶32} For these reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's claims for conversion and unauthorized use of property. Plaintiff's Motion to Enforce Settlement Agreement is DENIED. Plaintiff's claim for replevin is DISMISSED without prejudice for lack of subject-matter jurisdiction pursuant to Civ.R. 12(H)(3). Judgment is rendered in favor of Defendant.

LISA L. SADLER
Judge

[Cite as *Lifebridge Tech., L.L.C. v. Wright State Univ.*, 2024-Ohio-4950.]

LIFEBRIDGE TECHNOLOGIES, LLC

    Plaintiff

    v.

WRIGHT STATE UNIVERSITY

    Defendant

Case No. 2023-00602JD

Judge Lisa L. Sadler
Magistrate Adam Z. Morris

<u>JUDGMENT ENTRY</u>

## IN THE COURT OF CLAIMS OF OHIO

{¶33} For the reasons set forth in the decision filed concurrently herewith, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's claims for conversion and unauthorized use of property. Plaintiff's Motion to Enforce Settlement Agreement is DENIED. Plaintiff's claim for replevin is DISMISSED without prejudice for lack of subject-matter jurisdiction pursuant to Civ.R. 12(H)(3). Judgment is rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

LISA L. SADLER
Judge

**Filed September 18, 2024**
**Sent to S.C. Reporter 10/14/24**