[Cite as *Gregory v. Martin*, 2016-Ohio-650.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| AMOS F. GREGORY, | ) | CASE NO. 15 JE 17 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HARDIN MARTIN, JR., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas of Jefferson County, Ohio
                               Case No. 12 CV 149

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:       Amos F. Gregory, *pro se*
                               124 Wares Drive
                               Weirton, West Virginia 26062

For Defendants-Appellees:      Atty. Thomas McK. Hazlett
                               Hazlett Law Offices
                               185 W. Main Street
                               St. Clairsville, Ohio 43950

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                               Dated:  February 22, 2016

ROBB, J.

{¶1} Plaintiff-Appellant Amos Gregory appeals the decision of Jefferson County Common Pleas Court granting the requested relief in his action for replevin. The trial court ordered Defendants-Appellees Hardin and Karla Martin to "make available to Plaintiff all personal property subject to the agreement available to Plaintiff to the extent that such property still exists." 6/17/15 J.E. Appellant asserts the trial court erred in failing to award him damages for the personal property which no longer exists.

{¶2} Appellant's argument is meritless and the trial court's decision is hereby affirmed. As will be explained, Appellant's claim for damages is based on the trial court's decision to deny his motion for a hearing on conversion, which was filed approximately one week after the trial court granted the claim for replevin. That ruling was not appealed to this court; Appellant solely appealed the replevin order. Thus, the trial court's failure to award him damages on the conversion claim is not properly before this court. However, even if it was, Appellant did not satisfy the statutory requirements to establish conversion.

<u>Statement of the Facts and Case</u>

{¶3} Appellant and Appellees entered into a contract for the sale of two funeral homes, one located at 411 North Seventh Street, Steubenville, Ohio, and one located at 2028 Delaware Avenue, Weirton, West Virginia. The contract was signed in June 2008. Per the agreement, the purchase price was $300,000.00. Appellees paid Appellant $150,000.00 at closing; that amount was financed through a bank. The remaining $150,000.00 was to be paid in monthly installments to Appellant. Appellees breached this agreement by failing to pay the monthly payments. As a result, Appellant filed a pro se Petition for Declaratory Judgment based on breach of contract in March 2012 in Jefferson County Common Pleas Court.[1]

{¶4} In February 2013, the matter was stayed due to an automatic bankruptcy stay; Appellees had filed a petition for bankruptcy.

{¶5}   Appellant sought and obtained relief from the bankruptcy stay as it pertained to the real property located at 411 North Seventh Street, Steubenville, Ohio and 2028 Delaware Avenue, Weirton, West Virginia.  11/8/13 Bankruptcy Order.

{¶6}   On January 21, 2014, Appellant filed a replevin action seeking an order from the court for possession of personal property located in 411 North Seventh Street, Steubenville, Ohio and 2028 Delaware Avenue, Weirton, West Virginia.

{¶7}   Appellees filed a response and countersued for defamation.  In the response, they asserted the Federal Bankruptcy Court determined that the personal property Appellant was seeking did not have value, was destroyed or thrown away, and/or donated.  They claimed the other personal property was given to them by the Bankruptcy Court.  1/31/14 Response and Counter-Suit.

{¶8}   The matter was set for a hearing.  Following the hearing, the trial court denied the request for replevin.  2/4/14.

{¶9}   After that decision, it appears Appellant sought compensation through the federal bankruptcy court for his personal property.  In November 2014, the parties agreed to dismiss Appellant's claims.  The Bankruptcy Court stated:

> The dismissal with prejudice of the claims asserted by the Plaintiff in this adversary proceeding (including the nondischargeability claims contained in the Complaint) shall not preclude the Plaintiff from pursuing his state court remedies to seek to recover from the Debtors the Personal Property allegedly converted, or its value, and the parties agree that said limited claims are not extinguished by the Debtors' bankruptcy proceedings.

11/7/14 Bankruptcy Order.

{¶10} In February 2015, Appellant filed a "Motion to Submit Additional Evidence" with the common pleas court in the replevin action.  2/17/15 Motion.  In this motion, Appellant provided internet photos he claimed were posted by Appellees showing the existence and location of many of the personal property items that were

---

[1]The action was originally filed in West Virginia.  Appellees moved for change of venue, which

sold as part of the 2008 agreement. He claimed these were items Appellees denied having in their possession.

**{¶11}** The trial court allowed the submission of additional evidence. 3/11/15 J.E.

**{¶12}** Appellees responded by filing a motion to dismiss. Appellees claimed Appellant is not entitled to possession of the property. 4/8/15 Motion. They asserted Appellant sold them the personal property in 2008 and consequently, he retained no interest in the personal property. 4/8/15 Motion.

**{¶13}** A hearing was held on April 20, 2015. The trial court found that title to the personal property did not pass to Appellees until the purchase price was paid in full. The court ordered Appellees to make available to Appellant all personal property subject to the agreement to the extent that such property still existed. Thus, the trial court granted the replevin relief Appellant requested. 6/17/15 J.E.

**{¶14}** Approximately one week later, Appellant filed a "Claim for Conversion Hearing" motion. Appellant alleged that in Appellees' response to the replevin action they stated the property was no longer in their possession. Appellant contended that since the property was no longer in Appellees possession it cannot be made available to him. Therefore, he requested damages for the property.

**{¶15}** The trial court denied that request. 7/8/15 J.E.

**{¶16}** Appellant, pro se, filed a timely notice of appeal from the June 17, 2015 Order. 7/13/15 Notice of Appeal. The notice of appeal specifically references the June 17, 2015 Order; it does not reference the July 8, 2015 Order. Attached to the notice of appeal is the June 17, 2015 Order; the July 8, 2015 Order is not attached to the notice of appeal.

**{¶17}** This court sua sponte questioned whether Appellant was an aggrieved party under the June 17, 2015 Order and whether the appeal could proceed. We questioned our jurisdiction because Appellant prevailed in his replevin action. Appellant was granted 30 days to file a memorandum in support of jurisdiction. 7/30/15 J.E. He complied with our request and argued he was aggrieved because

was granted and the action was refiled in Jefferson County Common Pleas Court.

there was no award of damages for personal property that no longer exists. 8/3/15 Memorandum. On the basis of that argument, we indicated we would fully review the matter. 9/14/15 J.E.

Assignment of Error

The trial court erred by ordering the Defendants to make available to Plaintiff all personal property subject to the agreement available to the extent that such property still exist, in violation of R.C. 2737.14.

The trial court erred by not awarding damages for breach of contract or conversion in its Final Appealable Order in violation of R.C. 2737.14.

{¶18} It appears Appellant, pro se, argues the trial court, in addition to awarding him possession of the personal property, should have awarded damages in the June 17, 2015 Order. His argument, however, is meritless.

{¶19} Appellant's pro se replevin action sought the return of his property. In the January 21, 2014 "Replevin Action," he requested an order for possession of property. He specifically indicated he believed his personal property was being held at Appellees' place of business and at their home. He identified those places by street addresses. 1/21/14 Replevin Action. In his February 17, 2015 "Replevin Action, Motion to Submit Additional Evidence," Appellant provided internet pictures of Appellees' place of business which allegedly showed his personal property currently being used at their business facility. 2/17/15 Replevin Action.

{¶20} In Ohio, replevin is solely a statutory remedy. *America Rents v. Crawley*, 77 Ohio App.3d 801, 804, 603 N.E.2d 1079 (10th Dist.1991). "A replevin suit simply seeks to recover goods from one who wrongfully retains them at the time the suit is filed. Replevin does not even require an 'unlawful taking.' The plaintiff in replevin need only prove that he is entitled to certain property and that the property is in the defendant's possession." *Wysocki v. Oberlin Police Dept.*, 9th Dist. No.

13CA010437, 2014-Ohio-2869, ¶ 7, quoting *Wilson v. Jo–Ann Stores, Inc.*, 9th Dist. No. 26154, 2012–Ohio–2748, ¶ 11 (citation omitted).

**{¶21}** R.C. 2737.14, which governs replevin, provides:

In an action to recover possession of personal property in which an order of possession has been issued, the final judgment shall award permanent possession of the property and any damages to the party obtaining the award to the extent the damages proximately resulted from the taking, withholding, or detention of the property by the other, and the costs of the action. If delivery of the property cannot be made, the action may proceed as a claim for conversion upon due notice being given the respondent of the date, time, place, and purpose of the hearing upon such claim.

R.C. 2737.14.

**{¶22}** The trial court's final judgment complied with this statute; it awarded permanent possession of the property, to the extent that it existed, to Appellant. The trial court did not award damages for "the taking, withholding, or detention of the property" because such damages were not requested at the time of the June 17, 2015 Order. Appellant only sought the return of his property. Therefore, there was no error in the trial court's June 17, 2015 Order.

**{¶23}** It appears Appellant's contention with the trial court's ruling is that it did not convert the replevin action to a conversion action and award damages.

**{¶24}** His contention is meritless for two reasons.

**{¶25}** First, the June 17, 2015 Order did not deny the request to convert the action to a conversion claim. It was the trial court's July 8, 2015 Order that denied the request. Appellant did not file an appeal from that order. Thus, the propriety of that order is not properly before this court.

**{¶26}** Second, even if the propriety of the July 8, 2015 Order was before this court, the trial court did not err in denying the request.

**{¶27}** "Conversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from [his] possession under a claim inconsistent with [his] rights." *Kostyo v. Kaminski*, 9th Dist. No. 12CA010266, 2013–Ohio–3188, ¶ 12, quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592, 752 N.E.2d 281 (2001). The elements of a conversion action are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion, (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights, and (3) damages. *Dice v. White Family Companies, Inc.*, 173 Ohio App.3d 472, 878 N.E.2d 1105, 2007–Ohio-5755, ¶ 17 (2d Dist.).

**{¶28}** R.C. 2737.14 indicates if delivery of the property cannot be accomplished, the action may proceed as a claim for conversion. We have previously explained that R.C. 2737.14 provides what happens in two situations. *Long v. Noah's Lost Ark, Inc.*, 158 Ohio App.3d 206, 2004-Ohio-4155, 814 N.E.2d 555, ¶ 60 (7th Dist.) "In the first situation, an action to recover possession of personal property in which an order of possession has been issued, the final judgment should award permanent possession of the property to the party obtaining possession." *Id.* "In the second situation, if delivery of the property cannot be made, the action may proceed as a claim for conversion." *Id.* Therefore, in an action for replevin when an order of possession is granted, an attempt to repossess must be made prior to converting the action to conversion.

**{¶29}** Here, the trial court did not know whether or not delivery of the property could be made because there was no attempt to repossess. Appellant claimed Appellees previous filings indicated that the personal property was destroyed, thrown away, and/or donated. While that is an accurate representation of what the filing stated, Appellant's own additional evidence in the replevin case included pictures of Appellees' place of business showing use of some of the property. In other words, Appellees were still in possession of some property that was subject of the replevin action. By this evidence, it appears that potentially some of the property still exists and can be repossessed by Appellant. If delivery of the property is possible, then delivery must be made per the trial court's order. *Id.*; *Alb USA Auto, Inc. v. Modic*,

8th Dist. No. 98914, 2013-Ohio-1561, ¶ 12, quoting *Marthaller v. Kustala*, 8th Dist. No. 90529, 2008–Ohio–4227, ¶ 11 (Where property can be returned, the appropriate remedy is replevin, not conversion.). However, if delivery is not possible then the claim could proceed as a conversion action if the requirements of R.C. 2737.14 are met. *Long* at ¶ 60-61; *Modic*; *Marthaller*. Therefore, even if we could review the July 8, 2015 Order denying the conversion hearing, we would still find that the trial court did not err in denying the motion at that time.

**{¶30}** For all the above stated reasons, the sole assignment of error is meritless. The trial court's decision is hereby affirmed.

Donofrio, P.J., concur

Waite, J., concur