[Cite as *Green v. Animal Protection League of Mercer Cty.*, 2016-Ohio-2767.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

CARL L. GREEN III,

     PLAINTIFF-APPELLEE,

                                  CASE NO. 10-16-01

     v.

ANIMAL PROTECTION LEAGUE
OF MERCER COUNTY,

     DEFENDANT-APPELLEE,
     -and-                              O P I N I O N

LORI WINNER,

     DEFENDANT-APPELLANT.

Appeal from Celina Municipal Court
Trial Court No. 15-CVH-00852

Judgment Reversed and Cause Remanded

Date of Decision: May 2, 2016

APPEARANCES:

    *John Poppe* for Appellant

    *Carl L. Green, III,* Appellee

**PRESTON, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry.   Intervening defendant-appellant, Lori Winner ("Winner"), appeals the January 5, 2016 decision of the Celina Municipal Court awarding plaintiff-appellee, Carl L. Green, III ("Green"), possession of a dog in replevin.   For the reasons that follow, we reverse.

{¶2} In this case, the trial court ordered that a dog—which was seized by the Mercer County Dog Warden on November 21, 2015 because it was running at large and was not wearing a current registration tag—to be returned to Green, who claimed to be the dog's original owner.  On November 25, 2015, the defendant, the Animal Protection League of Mercer County ("APL"), purchased the dog from the Mercer County Dog Warden.   The APL, a non-profit organization doing business as an animal shelter and rescue organization, placed the dog up for adoption.  Winner applied to adopt the dog and took possession of the dog on December 11, 2015.   Her adoption of the dog was finalized on December 20, 2015.

{¶3} On December 16, 2015, Green filed a complaint asserting claims for replevin and conversion. (Doc. No. 1).  Green's complaint also requested that the trial court issue a "temporary injunction" ordering that the APL not transfer the

dog to another party until the case is resolved. (*Id.*). The APL was served with Green's complaint on December 21, 2015. (Doc. No. 9).

{¶4} On December 28, 2015, the APL requested a hearing on Green's complaint for replevin. (Doc. Nos. 11, 12).

{¶5} On December 31, 2015, Winner filed a motion for leave to intervene as a defendant. (Doc. No. 15). That same day, Winner filed her answer to Green's complaint and filed a motion to dismiss under Civ.R. 12(B)(7) and for attorney fees.[1] (Doc. Nos. 16, 17).

{¶6} On January 4, 2016, the trial court granted Winner's motion to intervene as a defendant. (Doc. No. 18). The case proceeded to bench trial on January 5, 2016. (Jan. 5, 2016 Tr. at 1). At trial, the trial court concluded that the Mercer County Dog Warden was not an indispensable party to the action. (*See id.* at 4). That same day, the trial court granted replevin of the dog to Green, and ordered Winner to return the dog to Green. (Doc. No. 19). In its entry, the trial court stated, "[The trial court] does not grant [the APL's] requests nor attorney fees or money damages to anyone however involved except as delineated here later." (*Id.*).

{¶7} Winner filed her notice of appeal on January 6, 2016. (Doc. No. 20). That same day, she filed a motion to stay the provision of the trial court's order

---

[1] Although it is unclear, we presume Winner filed her answer and motion instanter, and that her answer and motion were filed when her motion to intervene was granted. (*See* Doc. Nos. 16, 17).

requiring her to return the dog to Green, which the trial court denied.[2] (Doc. Nos. 21, 27). She raises two assignments of error.

### Assignment of Error No. I

**The Trial Court Erred in Returning the Dog in Question to the Appellee.**

{¶8} In her first assignment of error, Winner argues that the trial court erred by granting Green's replevin claim and ordering that the dog be returned to him. In particular, she argues that Green's "ownership interest had terminated by operation of law." (Appellant's Brief at 3).

{¶9} "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Lump v. Larson*, 3d Dist. Logan No. 8-14-14, 2015-Ohio-469, ¶ 9, quoting *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶ 89, citing *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, ¶ 5 (8th Dist.). "'[A] civil judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" *Id.*, quoting *Warnecke v.*

---

[2] Because Winner's compliance with the trial court's order to return the dog to Green was involuntary, the issues she raises on appeal are not moot. *See City of Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶ 14, citing *Favret Co. v. W.*, 21 Ohio App.2d 38, 40 (10th Dist.1970) (concluding that issues raised on appeal are not moot when compliance with the trial court's order is involuntary); *Clark* at ¶ 16 (concluding that compliance with a trial court's order can be involuntary if a party complies with the order after requesting a stay of execution of the order).

*Chaney*, 194 Ohio App.3d 459, 2011-Ohio-3007, ¶ 13 (3d Dist.), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶10} "'"[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct."'" *Id.* at ¶ 10, quoting *Warnecke* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. "'The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures.'" *Id.*, quoting *Warnecke* at ¶ 13, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "'"A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81. "'"A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81.

{¶11} In this case, the trial court concluded that the Mercer County Dog Warden complied with its statutory obligation and legally sold the dog to the APL, which vested ownership of the dog with the APL. Furthermore, the trial court

concluded that Winner adopted the dog from the APL.[3]  However, the trial court went on to conclude that the dog should be returned to Green because "[t]here was no good and legal reason not to return and/or let him adopt it over others" and because "it is in the best interest of the dog."  (Doc. No. 19).  The trial court's conclusion is against the manifest weight of the evidence because there is no competent, credible evidence in the record that Green is entitled to possession of the dog.

{¶12} "In Ohio, replevin is solely a statutory remedy."  *Gregory v. Martin*, 7th Dist. Jefferson No. 15 JE 17, 2016-Ohio-650, ¶ 20, citing *America Rents v. Crawley*, 77 Ohio App.3d 801, 804 (10th Dist.1991).  "It is an action at law, not in equity and, therefore, a court cannot provide remedies not specifically enumerated by statute."  *America Rents* at 804, citing *Hare & Chase v. Hoag*, 27 Ohio App. 326 (6th Dist.1927).

> "A replevin suit simply seeks to recover goods from one who
>
> wrongfully retains them at the time the suit is filed.  Replevin does
>
> not even require an 'unlawful taking.'  The plaintiff in replevin need

---

[3] Yet, the trial court concluded that the APL's adoption of the dog to Winner "may have been done in violation of the Replevin (stay) action" because Winner's adoption of the dog was completed on December 20, 2015 and Green's complaint was filed on December 16, 2015.  (Doc. Nos. 1, 19).  However, Green's complaint was served on the APL on December 21, 2015.  (Doc. No. 9).  Further, the record does not reflect that the trial court granted any injunction or stay, or impart any notice to the APL to prevent it from disposing of the dog during the pendency of the action.  *See* R.C. 2737.20.  Accordingly, the trial court's speculation is unfounded.

only prove that he is entitled to certain property and that the property

is in the defendant's possession."

*Gregory* at ¶ 20, quoting *Wysocki v. Oberlin Police Dept.*, 9th Dist. Lorain No. 13CA010437, 2014-Ohio-2869, ¶ 7, quoting *Wilson v. Jo-Ann Stores, Inc.*, 9th Dist. Summit No. 26154, 2012-Ohio-2748, ¶ 11. *See also Mulhollen v. Angel*, 10th Dist. Franklin No. 03AP-1218, 2005-Ohio-578, ¶ 23 ("In order to recover the possession of specific property pursuant to a replevin claim, a plaintiff must prove that he is entitled to the possession of the property and that, at the time the replevin action was filed, the defendant had actual or constructive possession and control of the property."), citing *Tewarson v. Simon*, 141 Ohio App.3d 103, 117 (9th Dist.2001).

{¶13} R.C. Chapter 2737, which governs replevin in Ohio, provides, in relevant part:

In an action to recover possession of personal property in which an order of possession has been issued, the final judgment shall award permanent possession of the property and any damages to the party obtaining the award to the extent the damages proximately resulted from the taking, withholding, or detention of the property by the other, and the costs of the action. If delivery of the property cannot be made, the action may proceed as a claim for conversion upon due

notice being given the respondent of the date, time, place, and purpose of the hearing upon such claim.

R.C. 2737.14.[4]

**{¶14}** Under Ohio law "[d]ogs are personal property, and the inability or failure to redeem them, once impounded, results in the loss or forfeiture of the property." *State ex rel. Lewis v. Bd. of Jackson Cty. Commrs.*, 4th Dist. Jackson No. 98CA830, 2002-Ohio-1424, ¶ 9. *See also* R.C. 955.03. "R.C. 955.12, 955.16, and 955.18 clearly provide a remedy to prevent this loss or forfeiture." *Id.* Among other things, R.C. 955.12 requires [county] dog wardens to seize and impound dogs found running at large and dogs more than three months old not wearing a current registration tag (with certain exceptions)." *Id.* at ¶ 8, citing R.C. 955.12. Under R.C. 955.16, a dog that is not registered as required by R.C. 955.01 and that has been seized by a county dog warden under R.C. 955.12 is required to be kept for three days by a county dog warden for the owner to redeem the dog as described in R.C. 955.18. *See Young v. Gostomsky*, 2d Dist. Miami No. 78 CA 9,

---

[4] We note that it appears that the trial court issued a final judgment awarding Green, who was not in possession of the dog at the time the trial court issued its final judgment, permanent possession of the dog without issuing a prejudgment order of possession. *Compare* R.C. 2737.14 *with* R.C. 2737.01(D) and R.C. 2737.08. *Compare America Rents,* 77 Ohio App.3d at 804 (concluding that the trial court could not award permanent possession of property in a replevin action unless the trial court issued a prejudgment-possession order) *with Long v. Noah's Lost Ark, Inc.*, 158 Ohio App.3d 206, 2004-Ohio-4155 (7th Dist.) (concluding that the trial court may issue a final judgment awarding permanent possession of personal property "to the party not in possession at the time the judgment is granted" "when no prejudgment order of possession has been issued, but delivery of the property can be made"). However, because we conclude that there is no competent, credible evidence in the record that Green is entitled to possession of the dog, we need not address that issue in this case.

1978 WL 216346, *2 (Oct. 20, 1978); R.C. 955.01; R.C. 955.12; R.C. 955.16; R.C. 955.18. The county dog warden is also required to notify the dog's owner of their rights and obligations to redeem the dog. *See Young* at *2; R.C. 955.12.

> If the owner, keeper, or harborer cannot be determined from the current year's registration list maintained by the warden and the county auditor of the county where the dog is registered, the officer shall post a notice in the pound or animal shelter both describing the dog and place where seized and advising the unknown owner that, unless the dog is redeemed within three days, it may thereafter be sold or destroyed according to law.

R.C. 955.12. Once the three-day redemption period expires, the statute authorizes the county dog warden to sell or destroy the dog. *See Young* at *2; *Lewis* at ¶ 8. *See also* R.C. 955.12; R.C. 955.16; R.C. 955.18.

{¶15} The parties do not dispute that the Mercer County Dog Warden acted in accordance with R.C. Chapter 955, and there is no evidence in the record that the Mercer County Dog Warden did not comply with his statutory duties. Indeed, the parties do not dispute that the dog was running at large, was more than three-months old, and was not wearing a current registration tag. (*See* Jan. 5, 2016 Tr. at 6, 11, 28); (Doc. Nos. 1, 19). The Mercer County Dog Warden seized the dog on November 21, 2015 and sold the dog to the APL on November 25, 2015—that

is, because Green did not redeem the dog within the three-day redemption period, the Mercer County Dog Warden was statutorily authorized to sell the dog to the APL. (Doc. Nos. 1, 12, 17). Therefore, the APL legally owned the dog on November 25, 2015—that is, the APL's right to possess the dog was superior to Green's right to possess the dog because it legally purchased the dog from the Mercer County Dog Warden.

{¶16} As the legal owner of the dog, the APL was free to dispose of the dog. Thus, the APL was free to dispose of the dog by selecting a candidate to adopt the dog in accordance with its adoption policies and procedures, and Winner applied to adopt the dog. Green could have applied to adopt the dog from the APL, but chose not to. (Jan. 5, 2016 Tr. at 13, 17-18). Nonetheless, even if Green applied to adopt the dog, the APL was not required to permit Green to adopt the dog. Even though the APL asserted to the trial court at trial that it "received an application from Mrs. Winner, but [it] is holding the check and holding the application until the Court resolves this matter" and that the adoption application "was tentatively signed," the trial court concluded that Winner adopted the dog. (Jan. 5, 2016 Tr. at 22, 27); (Doc. No. 19). The trial court was in the best position to evaluate the evidence, and we are obligated to presume the trial court's findings are correct. *Lump*, 2015-Ohio-469, at ¶ 10. Furthermore, the trial court's conclusion that Winner adopted the dog is supported by some competent, credible

evidence. (*See* Doc. Nos. 16, 17, 19); (Jan. 5, 2016 Tr. at 23). As a result, Winner is the legal owner of the dog—not Green. For these reasons, Green's replevin claim fails—that is, there is no competent credible evidence in the record that Green is entitled to possess the dog.

{¶17} Therefore, because replevin is a statutory remedy in Ohio, the trial court's conclusion that the dog should be returned to Green is against the manifest weight of the evidence. That is, the trial court erred in exercising its equitable powers to award possession of the dog to Green under the belief "[t]here was no good and legal reason not to return and/or let [Green] adopt it over others" and "it is in the best interest of the dog." (Doc. No. 19). The statute does not provide for this type of remedy. *See* R.C. 2737.14. Moreover, the trial court's assertion that the dog should be returned to Green because it is in the dog's best interest is also erroneous since the best interest of the dog is not relevant in adjudicating an action in replevin. *See Lewis*, 2002-Ohio-1424, at ¶ 9; R.C. 955.03. *See also Angrave v. Oates*, 90 Conn.App. 427, 430 (2005), fn. 3 ("A claim of replevin does not involve the best interest of the dog."). As such, the trial court erred in granting a remedy outside of the remedies provided for under the statute.

{¶18} Therefore, we sustain Winner's first assignment of error.

**Assignment of Error No. II**

**The Trial Court Erred in Failing to Find that the Mercer County Dog Warden Was an Indispensable Party to the Litigation.**

{¶19} In her second assignment of error, Winner argues that the trial court erred by failing to join the Mercer County Dog Warden as an indispensable party under Civ.R. 19.

{¶20} Winner filed a motion to dismiss Green's complaint under Civ.R. 12(B)(7) for failing to join the Mercer County Dog Warden as an indispensable party under Civ.R. 19. The trial court purportedly denied this motion at trial by concluding that the dog warden is not an indispensable party to the action. As such, we review the trial court's conclusion as a denial of Winner's Civ.R. 12(B)(7) motion failing to join an indispensable party under Civ.R. 19.

{¶21} "An appellate court reviews a trial court's ruling on a Civ.R. 12(B)(7) motion de novo." *Jones v. Jones*, 179 Ohio App. 3d 618, 2008-Ohio-6069, ¶ 39 (3d Dist.), citing *Englehart v. C.T. Taylor Co.*, 9th Dist. Summit No. 19325, 1999 WL 1215110 (Dec. 8, 1999), citing *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 7th Dist. Belmont No. 97-BA-40, 1998 WL 473335 (July 22, 1998). "Civ.R. 12(B)(7) concerns motions to dismiss for failure to join an indispensable party pursuant to Civ.R. 19." *Id.* Civ.R. 19 provides, in relevant part:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.

Civ.R. 19(A).

**{¶22}** As we stated above, Green does not assert that the Mercer County Dog Warden wrongfully sold the dog to the APL. Thus, the Mercer County Dog Warden has no interest in the action. *See Jones* at ¶ 40. Moreover, the Mercer County Dog Warden is not needed to provide complete relief to the parties because, as we determined in Winner's first assignment of error, and as conceded by the parties, Winner is the owner of the dog. That is, Green did not allege in his complaint that the Mercer County Dog Warden unlawfully sold the dog to the APL; rather, he alleged that the APL had an obligation, despite lawfully purchasing the dog from the Mercer County Dog Warden, to return the dog to him.

-13-

Therefore, because the Mercer County Dog Warden does not have an interest in this action, and complete relief can be had without joining him as a party, the trial court did not err by dismissing Winner's Civ.R. 12(B)(7) motion. *Compare id.* Stated differently, the trial court did not err by failing to join the Mercer County Dog Warden as an indispensable party in this case.

{¶23} Winner's second assignment of error is overruled.

{¶24} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**