# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

CAROL GIVENS,

Plaintiff-Appellant,

v.

JOHN D. LONGWELL,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0029**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 CV 316

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

Carol Givens, Plaintiff-Appellant and

*Atty. M. Winiesdorffer-Schirripa* and *Atty. G. Thomas Smith*, Smith Law PLLC, and *Atty. Bradley A. Powell*, Droder & Miller Co., L.P.A., for Defendant-Appellee.

Dated: March 14, 2024

**KLATT, J.**

**{¶1}** Plaintiff-Appellant, Carol L. Givens, acting pro se, appeals the Docket and Journal Entry and Judgment Journal Entry of the Belmont County Court of Common Pleas sustaining the motion for summary judgment filed on behalf of Defendant-Appellee, John D. Longwell in this conversion and replevin action. Appellee purchased real property where Appellant previously resided, and Appellant seeks to recover personal property allegedly remaining on the premises. For the following reasons, the Docket and Journal Entry and Judgment Journal Entry of the trial court are affirmed.

## STANDARD OF REVIEW

**{¶2}** This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶3}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary

judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

{¶4} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## PLEADING REQUIREMENTS

{¶5} "A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Bryan v. Johnston*, 7th Dist. Carroll No. 11 CA 871, 2012-Ohio-2703, ¶ 8, *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). "Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. Mahoning No. 08 MA 111, 2009-Ohio-1021, ¶ 30, *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5 (4th Dist.). "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs.,* at ¶31*, citing Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶ 27. (Internal citations omitted.)

{¶6} Further, courts may disregard an assignment of error if an appellant fails to comply with App.R. 16(A)(7). *Vari v. Coppola*, 7th Dist. Mahoning No. 18 MA 0114, 2019-Ohio-3475, ¶ 8. App.R. 16(A)(7) states in pertinent part:

(A) Brief of the Appellant. The appellant shall include in its brief * * *:

* * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

**{¶7}** An appellant has a burden of affirmatively demonstrating error on appeal. App.R. 16(A)(7). Moreover, we may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based. App.R. 12. An appellate court has no duty to search the record in order to find support for an assignment of error. *Vari* at ¶ 10.

## **LAW**

**{¶8}** In Ohio, replevin is solely a statutory remedy. *Gregory v. Martin*, 7th Dist. Jefferson No. 15 JE 17, 2016-Ohio-650, ¶ 20 "A replevin suit simply seeks to recover goods from one who wrongfully retains them at the time the suit is filed. Replevin does not even require an 'unlawful taking.' The plaintiff in replevin need only prove that he is entitled to certain property and that the property is in the defendant's possession." *Id.* (internal citations omitted.)

**{¶9}** R.C. 2737.03, which governs replevin, provides:

Any party to an action involving a claim for the recovery of specific personal property, upon or at any time after commencement of the action, may apply to the court by written motion for an order of possession of the property. The motion shall have attached to it the affidavit of the movant, his agent, or his attorney containing all of the following:

(A) A description of the specific personal property claimed and the approximate value of each item or category of property claimed;

(B) The specific interest of the movant in the property and, if the interest is based upon a written instrument, a copy of that instrument;

(C) The manner in which the respondent came into possession of the property, the reason that the detention is wrongful and, to the best of the knowledge of the movant, the reason, if any, that the respondent may claim the detention is not wrongful;

(D) The use to which the respondent has put the property, as determined by the movant after such investigation as is reasonable in the circumstances;

(E) The extent, if any, to which the movant is or will be damaged by the respondent's detention of the property;

(F) To the best of the movant's knowledge, the location of the property;

(G) That the property was not taken for a tax, assessment, or fine pursuant to statute, or seized under execution of judgment against the property of the movant or, if so seized, that it is statutorily exempt from seizure.

R.C. 2737.03.

{¶10} Conversion, on the other hand, is "an exercise of dominion or control wrongfully exerted over property in denial of or under a claim inconsistent with the rights of another." *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). The elements of conversion are: "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Francisco A. Mateo MD, Inc. v. Proia*, 7th Dist. Mahoning No. 22 MA 0053, 2023-Ohio-3908, ¶ 68. "The plaintiff need not be the owner but can have some other interest in the property; the first element includes a party with actual or constructive possession or an immediate right of possession at the time of conversion." *Id.*

{¶11} Where conversion is premised on the unlawful retention of property, the plaintiff must demonstrate: (1) she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property; and (2) that the possessor refused to deliver the property to its rightful owner. *Keybank Natl. Assoc.*

Case No. 23 BE 0029

*v. Guarnieri & Secrest, P.L.L.*, 7th Dist. Columbiana No. 07 CO 46, 2008-Ohio-6362, ¶ 15.

## FACTS AND PROCEDURAL HISTORY

**{¶12}** On November 10, 2022, Appellant filed a form complaint for replevin, seeking to recover "MACHINES, WARES, FURNATURE [SIC], FIXTURES, CURRENCY & PAPER VALUABLES, ANTIQUES, HEIRLOOMS, JEWELRY, CLOTHING, PETS, HISTORICAL ITEMS, MUSIC AND SCIENTIFIC INSTTRUMENTS [SIC], TOOLS, VENDING MACHINES, COMMERCIAL/BUSINESS EQUIPMENT, BIBLE, AND PERSONAL ITEMS, ETC." Appellant predicated her ownership upon Belmont County Court Case No. 21-ES-595 and records of property taxation and business filings with the state and federal government. She alleged Appellee took possession of the property by "THEFT & DECEPTION, [AND] WRONGFUL EVICTION." Appellant valued the property located at 3735 Highland Avenue, Shadyside, Ohio, 43947, at $50,000. The second cause of action in the complaint stated a claim for conversion.

**{¶13}** At a status conference on December 5, 2022, Appellant was given notice by the trial court that her complaint was deficient. Appellant requested additional time to retain an attorney and amend her complaint. Appellant was granted an extension of sixty days, however, Appellant neither retained counsel nor amended her complaint.

**{¶14}** Appellee filed a motion to dismiss on February 9, 2023. Several exhibits were attached to the motion. Appellant filed her opposition brief on February 21, 2023. Several exhibits were attached to the opposition brief. As a consequence, on May 25, 2023, the trial court converted the motion to dismiss to a motion for summary judgment. The trial court granted the parties an extension of time until June 12, 2023 to supplement their evidence.

**{¶15}** The following facts are taken from the exhibits offered in support of and against summary judgment. The property located at 3735 Highland Avenue was owned by Joseph and Mary Givens. Mary preceded Joseph in death. Joseph died on March 26, 2007. Appellant is Mary and Joseph's daughter-in-law.

**{¶16}** The property was the subject of a foreclosure action for delinquent real estate taxes filed on June 11, 2021 (21-TF-004). On December 30, 2021, an application

Case No. 23 BE 0029

to probate Joseph's will was filed (21-ES-00595). The application was dismissed on September 7, 2022, due to the failure of Joseph's chosen fiduciary, Greg P. Givens, who is Appellant's son, to execute the Application for Authority to Administer Estate Fiduciary form. Notably, Joseph bequeathed all of his real estate to Greg.

{¶17} Appellee acquired the property from the county treasurer in case number 21-TF-004 by way of a Sheriff's Deed, recorded on June 28, 2022. In 2023, we affirmed the decision of the trial court overruling a 60(B) motion filed by Appellant in that case seeking to overturn the foreclosure order and confirmation of sale. We concluded Appellant lacked standing as she was not an owner of the property at issue. *Matter of Foreclosure of Liens for Delinquent Land Taxes by Action in Rem v. Jaber*, 7th Dist. Belmont No. 23 BE 0007, 2023-Ohio-4247.

{¶18} The record reflects Appellee extended to Appellant and Greg several opportunities to reenter the property and collect their personal property. Correspondence dated July 12, 2022 from Appellee's counsel to Greg informed him that four motor vehicles, referred to as "junk cars," would be towed from the premises and stored at Greg's expense should Greg fail to remove them from the property within ten days of receipt of the letter. Correspondence dated July 18, 2022 from Appellee's counsel to Greg informed him that any personal property remaining at 3735 Highland Avenue would either be destroyed or stored at Greg's expense if he did not retrieve the personal property within thirty days of the receipt of the letter.

{¶19} After three civil complaints were filed by Greg against Appellee, an electronic mail dated November 23, 2022 extended to Appellant and Greg yet another opportunity to reclaim their personal property. The opportunity was conditioned upon the designation of a specific date and time, police presence, and the selection of a third-party designee to maintain a record of the property removed versus property allegedly missing from the residence. Counsel for Appellee also required a detailed and signed inventory of all of the items removed and alleged to be missing. As consideration for the opportunity to retrieve the Givens' personal property, Appellee demanded an entry of dismissal of Greg's civil actions, as well as any other case asserting personal property rights against Appellee, and a general release and settlement agreement. Greg's three civil actions

were ultimately dismissed by the trial court and we ultimately affirmed all three of the dismissals.

{¶20} After Appellant filed three civil complaints, which were characterized by Appellee's counsel as duplicative of the actions filed by Greg, the same opportunity to retrieve personal property was offered to Appellant and Greg in correspondence dated December 6, 2022. The letter cautions, "[d]o not enter the premises without first making the necessary arrangements with me to do so." The final exhibit attached to the motion for summary judgment is a portion of the docket in case no. 23-CRB-0012E, reflecting charges of theft leveled against Greg on January 13, 2023.

{¶21} In the converted motion for summary judgment, Appellee argues the complaint fails to state a claim upon which relief can be granted as its contents are deficient. Appellee writes, "[Appellant] has failed to specifically identify such items, how she came to own such items, how such items came to be located at the 3735 Highland Venue property, or the value of said items, as required by [R.C.] 2737.03." (2/9/23 Mot., p. 4.)

{¶22} The motion also contains allegations that various utility services to the property were terminated between 2017 and 2019. However, there is no evidence in the record supporting Appellee's allegations.

{¶23} Attached to the opposition brief are the affidavits of Appellant and Greg, as well as "BILL OF SALE OF REAL PROPERTY Affidavit," purporting to transfer 3735 Highland Avenue from Joseph and Mary to Greg on June 16, 2022. The final exhibit is an attestation by Appellant of the personal property allegedly located at 3735 Highland Avenue. The attestation contains a chart with the following captions, "category," "description/use," "item," and "approx. value." The general list provided in the complaint is restated under the caption "category," with a slightly more specific description of the property included under the remaining captions. The attestation does not state the manner in which Appellant acquired the property.

{¶24} Appellee filed his supplement to the converted motion on June 9, 2023. Attached to the supplement is the affidavit of M. Winiesdorffer-Schirripa. Attached to the affidavit is correspondence to Appellee from H. Chadwick Stratton, a content manager at Panhandle Cleaning and Restoration. The letter reads that it is not feasible to remove

any contents or personal property from the structure at 3735 Highland Avenue due to limited access, the extreme hoarding situation, multiple breaches in the roof, and instability in the upper floors. Stratton opines, "the condition of any property inside the structure has degraded, molded, and been contaminated with animal waste to the point where nothing would be considered salvageable." Stratton concludes, "for the sake of health, safety and feasibility, no attempt should be made to perform any internal work in the structure." Photographs of both the exterior and interior of the structure are attached to Stratton's letter.

{¶25} With leave of the Court on June 30, 2023, Appellant filed her opposition brief to the converted motion. The brief is essentially identical to her original brief, however an amended attestation is attached and includes additional personal property not identified in the original attestation. The amended attestation is signed by Appellant but is not sworn.

{¶26} In a journal judgment entry dated July 6, 2023, the trial court opined "[Appellant] here must offer some competent proof that she has either possessory and/or ownership rights to the claimed personal property." (7/6/23 J.J.E., p. 3.) Appellant's proof of ownership was predicated upon probate records, and property taxation and business filings with the state and federal government. The trial court opined Appellant was not a named beneficiary in Joseph's will and Appellant failed to produce any taxation or business records establishing her ownership of the personal property.

{¶27} The trial court continued, "As [Appellee] has by affidavit put in issue [Appellant's] bare claims, in her Response, [Appellant] had to produce evidentiary quality rebuttal evidence. She fails to do so, choosing instead to again rely upon the allegations in her pleadings." (*Id.* at p. 4.) As a consequence, the trial court entered summary judgment in favor of Appellee. This timely appeal followed.

{¶28} All three of the cases filed by Appellant against Appellee were appealed here. While the above-captioned case asserts claims for conversion and replevin, the other two cases assert various constitutional, tort, and breach of contract claims. Despite the fact that the above-captioned action asserts claims for conversion and replevin, Appellant advances many of the assignments of error from the other two appeals. In *Givens v. Longwell*, Case No. 23 BE 0008 ("*Longwell I*"), which was released on

Case No. 23 BE 0029

December 5, 2023, we overruled all of Appellant's assignments of error asserted here, with the exception of the sole assignment of error addressing conversion and replevin. Oral argument in *Givens v. Longwell*, Case No. 23 BE 0023, which likewise repeats the assignments overruled in *Longwell I* was heard on January 17, 2023.

## ANALYSIS

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT ABUSED ITS DISCRETION IN TREATMENT AND DISMISSAL OF COMPLAINT FOR REASONS AND PREJUDICES STATED IN ARBITRARY AND UNIQUE ORDERS TO DEFENDANT [SIC] GIVENS ALONE, AND BY PLACING MATTERS AND PRIVATE ADJUDICATIONS OFF RECORD SO TO DENYING DUE PROCESS OF LAW AND THE EQUAL PROTECTION OF LAW REQUIRED TO THE DEFENDANT [SIC], CAROL GIVENS, IN VIOLATION OF THE U.S. BILL OF RIGHTS, AND ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO, JUDICIAL CANNONS.**

**{¶29}** We addressed the identical assignment of error in *Longwell I*. Appellant's argument does not relate to this conversion and replevin action, but instead to Appellant's challenge to the foreclosure action, which we overruled in *Longwell I*. Insofar as this assignment of error is wholly unrelated to this conversion and replevin action, and we previously overruled the identical assignment of error in *Longwell I*, we find the first assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

**TRIAL COURT ABUSED ITS DISCRETION, AND IN FAILURE TO ADHERE TO, AND OBEY OHIO STATUTE, HIGHER COURT OPINIONS, DETERMINATION, MANDATES OF THE OHIO SUPREME COURT, AND DISTRICT COURT OPINIONS, ISSUED ACCORDINGLY, AND IN ACCORDANCE WITH LAW.**

Case No. 23 BE 0029

## ASSIGNMENT OF ERROR NO. 6

**THE TRIAL COURT ERRED IN ITS FAILURE AND DUTY TO CORRECT JUDGMENT IN FAVOR OF PLAINTIFF, AND ADHERE TO LOCAL RULE 23, AND IN OBSERVANCE OF TENANT/LANDLORD/RESIDENCY REQUIREMENTS OF THE OHIO REVISED CODE, AND OF THE BELMONT COUNTY COURT, COMMON PLEAS, IN ITS RULINGS.**

{¶30} We addressed the second and sixth assignments of error in *Longwell I*. We concluded the assignments challenged the foreclosure action, however, the foreclosure action was not designated in Appellant's notice of appeal. Insofar as these assignments of error are wholly unrelated to this conversion and replevin action, and we previously overruled the identical assignments of error in *Longwell I*, we find the second and sixth assignments of error have no merit.

## ASSIGNMENT OF ERROR NO. 3

**TRIAL COURT ERRED IN DISMISSAL OF COMPLAINT FOR REASONS NOT PRESENTED BY DEFENDANT(S) [SIC], IN MOTION TO DISMISS, OR BY SUMMARY JUDGMENT.**

{¶31} In the third assignment of error, Appellant contends the trial court erred in entering summary judgment for Appellee based on Appellant's lack of standing. Insofar as this assignment of error is wholly unrelated to this conversion and replevin action, and we previously overruled the identical assignment of error in *Longwell I*, we find the third assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 4

**TRIAL COURT ABUSED ITS DISCRETION IN ARBITRARY RULINGS AND SUA SPONTE OPINIONS DIRECTED TO THE CLERKS AGAINST PLAINTIFF, WITHOUT HEARING OR OPPORTUNITY FOR INQUIRY AS TO PLAINTIFF, EX PARTE, WHO IS SEVENTY-FIVE (75) YEARS OF AGES [SIC], ON A WALKER/CANE, AND REQUIRED BY IMPLICATION,**

Case No. 23 BE 0029

COURT ORDER FOR PLAINTIFF TO COURT, MORE THAN TWELVE (12) MILES AWAY FROM THE COURTROOM, SUBJECTING PHYSICAL REQUIREMENTS OF PLAINTIFF, PRIOR TO OBJECTIONS, DISCOVERY, OR TRIAL, NOT SIMILARLY IMPOSED UPON THE DEFENDANT, [APPELLEE], DEPRIVING PLAINTIFF OF FUNDAMENTAL RIGHTS OVER TO THE FAVOR OF THE DEFENDANT, AND CONTRARY AGAINST THE PLAINTIFF'S FIRST AMENDMENT TO THE U.S. CONSTITUTION, AND THE DUE PROCESS OF LAW, AND AS RIGHTS GUARANTEED BY ARTICLE I OF THE OHIO STATE CONSTITUTION, U.S. CONSTITUTION, AND THE CANNON OF JUDICIAL CANNON AND CONDUCT, AND IN DETERMINATION OF COSTS AGAINST THE PLAINTIFF.

## ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED IN ITS FAILURE AND DUTY TO RECUSE, HOLDING EACH AND EVERY CASE OF THE PLAINTIFF, AND LACKING RANDOM STRAW POLL OF JUDGES.

{¶32} We addressed the identical assignments of error in *Longwell I*. Insofar as we previously opined that violations of the Judicial Code of Conduct are not properly raised before us, we find the fourth and fifth assignments of error have no merit.

## ASSIGNMENT OF ERROR NO. 7

TRIAL COURT ABUSED ITS DISCRETION BY CONCLUSIONS OF LAW NOT BACKED IN FACT, STATUTE, LAW, OR IN EVIDENCE, AND THE GUARANTEED RIGHT TO THE PURSUIT OF HAPPINESS.

{¶33} In the seventh assignment of error, Appellant challenges the costs taxed to her as the losing party. Insofar as we previously overruled the identical assignment of error in *Longwell I*, due to Appellant's failure to comply with App.R. 16(A)(7), we find the seventh assignment of error has no merit.

Case No. 23 BE 0029

## ASSIGNMENT OF ERROR NO. 8

**TRIAL COURT ABUSED ITS DISCRETION BY JOINDER, AND IN DISMISSAL OF BELMONT COUNTY COURT, COMMON PLEAS, CASES 22-CV-0332, 21-TF-0004 WITH 22-CV-0331, AND IN CONCLUSIONS OF LAW NOT BACKED IN FACT, IN STATE AND LOCAL LAW, OR IN EVIDENCE.**

**{¶34}** A trial court's decision to consolidate cases pursuant to Civ.R. 42(A)(1)(b) is reviewed for an abuse of discretion, as it relates to the court's management of its docket. *Monus v. Day*, 7th Dist. Mahoning No. 10 MA 35, 2011-Ohio-3170, ¶ 74, *citing Director of Highways v. Kleines*, 38 Ohio St.2d 317, 319, 313 N.E.2d 370 (1974). "The obvious purpose of Rule 42(A) is for convenience of trial, for preventing multiplicity of actions, and for the saving of costs." *Monus*, citing Civ.R. 42(A), Staff Notes (1970).

**{¶35}** We previously overruled the identical assignment of error in *Longwell I*, due to Appellant's failure to comply with App.R. 12(A)(2). We find the eighth assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 9

**{¶36}** The ninth assignment of error in the statement of assignment of errors reads:

**TRIAL COURT ABUSED ITS DISCRETION BY CONCLUSIONS OF LAW NOT BACKED IN FACT, STATUTE, LAW, OR IN EVIDENCE THAT APPELLANT UNDER STRICT INTERPRETATION OF OHIO LAW AND STATUTE IS ENTITLED TO HER ORIGINAL ELVIS RECORDS, HEIRLOOMS, AND MEMORIES.**

**{¶37}** The ninth assignment of error in the body of the appellate brief reads:

**TRIAL COURT ABUSED ITS DISCRETION BY CONCLUSIONS OF LAW NOT BACKED IN FACT, STATUTE, LAW, OR IN EVIDENCE THAT APPELLANT UNDER STRICT INTERPRETATION OF OHIO LAW AND**

**STATUTE IS ENTITLED TO HER ORIGINAL ELVIS RECORDS; FAMILY HEIRLOOMS AND PHOTOS; JEWELRY; ANTIQUE TELEPHONE, PHONOGRAPH, SEWING MACHINE CHAIRS, TOOLS, IMPORTED DISHES; IRREPLACEBLES, KEEPSAKES, GOVERNMENT PAPERS, MEMORIES AND MORE.**

**TRIAL COURT ABUSED ITS DISCRETION BY JOINDER, AND IN DISMISSAL OF BELMONT COUNTY COURT, COMMON PLEAS, CASES 22-CV-0332, 21-TF-0004 WITH 22-CV-0331, AND IN CONCLUSIONS OF LAW NOT BACKED IN FACT, IN STATE AND LOCAL LAW, OR IN EVIDENCE.**

{¶38} Appellant's argument in the ninth assignment of error reads, in its entirety:

II. All Findings by the Trial Court on Defendant judgment were insufficient to standards administered by Ohio Statute, Local Rule, the Ohio Constitution, Article IV, Section 3(B)(2); U.S. Constitution, Article IV, Section 2; Ohio Revised Code 2505.01, et seq, and Constitutional Provisions.

(Appellant's Brf., p. 9.)

{¶39} The cited Ohio statute and state and federal constitutional provisions do not have any application to the issue presented in the ninth assignment of error. Moreover, Appellant has failed to comply with the appellate rules insofar as she has not advanced any applicable law in support of her assertion the trial court erred in granting summary judgment to Appellee.

{¶40} Appellant appears to argue that the trial court erred as a matter of law by entering summary judgment in favor of Appellee on her claims for conversion and replevin. With respect to her claim for replevin, Appellant has not executed an affidavit in conformance with R.C. 2737.03. Further, the amended attestation, which is signed but not sworn, contains some specific descriptions of property, including the manner in which the property was acquired, but for the most part contains general descriptions, i.e. "pots and pans," "Dresses, Purses." Insofar as Appellant has failed to comply with the statutory

Case No. 23 BE 0029

requirements of R.C. 2737.03, we find the trial court did not err in awarding summary judgment in favor of Appellee on the action for replevin.

**{¶41}** Appellant's failure to establish ownership or actual or constructive possession or an immediate right of possession at the time of conversion of the property is likewise fatal to her conversion claim. In the absence of an affidavit establishing Appellant's ownership or right to actual or constructive possession or an immediate right of possession, we find the trial court did not err in awarding summary judgment in favor of Appellee on the conversion claim.

## CONCLUSION

**{¶42}** For the foregoing reasons, Docket and Journal Entry and Judgment Journal Entry of the trial court are affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 23 BE 0029

[Cite as *Givens v. Longwell*, 2024-Ohio-947.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Belmont County, Ohio, are affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**