[Cite as *Hileman v. Hileman*, 2024-Ohio-2404.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| BECKY HILEMAN, | CASE NO. 2023-P-0097 |
| Petitioner-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| CHRISTOPHER M. HILEMAN, | |
| Respondent-Appellant. | Trial Court No. 2023 DR 00468 |

# O P I N I O N

Decided: June 24, 2024
Judgment: Affirmed

*Henna R. Schafer*, Community Legal Aid, United Way Building, 401 Market Avenue, N., Suite 103, Canton, OH 44702 (For Petitioner-Appellee).

*Christopher M. Hileman*, pro se, 2814 Fairmont Street, N.E., Canton, OH 44705 (Respondent-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Christopher Hileman, appeals the Portage County Court of Common Pleas, Domestic Relations Division's order granting Appellee's, Becky Hileman, petition for a Domestic Violence Civil Protection Order.  For the following reasons, the domestic relations court's judgment is affirmed.

{¶2}    On June 9, 2023, Appellee petitioned for a Domestic Violence Civil Protection Order.  The court held hearings on August 24, 2023, and October 16, 2023.  On October 19, 2023, the court granted Appellee's petition.

{¶3}    Appellant timely appealed and raises four assignments of error:

{¶4} First assignment of error: "The Domestic Relations Court committed prejudicial error in allowing prior arrest for Domestic Violence in 2001."

{¶5} Second assignment of error: "The Domestic Relations Court committed prejudicial error in allowing allegations of a gun incident in 2019 and allegations of threats to remove the children and withhold financial support from Becky Hileman-Appellee."

{¶6} Third assignment of error: "The Domestic Relations Court committed prejudicial error in allowing a photograph into evidence."

{¶7} Fourth assignment of error: "The Domestic Relations Court committed prejudicial error in allowing hearsay testimony of Mrs. Desci."

{¶8} In assessing a proceeding for possible error, appellate courts are limited to a review of the record. *State v. Dudas*, 2008-Ohio-3261, ¶ 16 (11th Dist.).

{¶9} App.R. 9(A)(1) provides that "the record" on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court . . . ."

{¶10} Under App.R. 10(B), the trial court's clerk has the duty to transmit the record on appeal to the appellate court. Under App.R. 9(B), the "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." The rule also places on the appellant the duty to "ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." App.R. 10(A) requires the appellant to "comply with the provisions of App.R. 9(B) and [to]

2

take any other action reasonably necessary to enable the clerk to assemble and transmit the record."

{¶11} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Lab'ys*, 61 Ohio St. 2d 197, 199 (1980).

{¶12} The presumption is that the results of those proceedings are correct and binding. See *Holman v. Wiser*, 2023-Ohio-4095, ¶ 49 (11th Dist.). That presumption is rebuttable. See *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, *16 (2023) (Jackson, J. concurring). How? The record that is submitted on appeal, whatever it might contain, may be used to rebut the presumption.

{¶13} Appellate courts can also evaluate the legal conclusions reached by a trial court based upon the trial court's factual findings even absent a transcript. *Fifth Third Mtge. Co. v. Berman,* 2019-Ohio-1068, ¶ 16 (10th Dist.).

{¶14} Under App.R. 12(A)(2), we may entirely disregard assignments of error that an appellant has not identified by reference to the record. *Village South Russell v. Upchurch*, 2003-Ohio-2099, ¶ 9 (11th Dist.).

{¶15} The record before this court does not include transcripts of the August 24 and October 16 hearings. All of Appellant's assignments of error are based upon the purportedly improper admission of evidence during those hearings. The lower court's Findings of Fact is attached to the notice of appeal. Still, it does not render judgment on, nor does it specify, any objections made to evidence introduced at trial. In other words,

3

Appellant has not rebutted the presumption that the lower court's proceedings were correct and binding. Thus, we have "nothing to pass [judgment] upon." *See Knapp,* 61 Ohio St. 2d at 199.

{¶16} Each assignment refers to evidentiary material admitted at the hearings. But, we cannot discern anything helpful to our review from Appellant's brief or the Findings of Fact. We are left to guess how, and the extent to which, the evidentiary material was used at the hearings. We are also left to guess whether or not Appellant objected to the evidence being admitted at trial. In Appellant's statement of facts, he asserts that he objected to a photograph's admission into evidence. But, otherwise, we are left to guess whether or not he objected at trial. Importantly, an appellate court's analysis of an appellant's assignments of error are guided by the standard of review. Without knowing if Appellant objected, we do not know what that standard of review would be.

{¶17} Additionally, Appellant has failed to affirmatively establish error on appeal because he has not complied with App.R. 16(A)(7). His brief is completely devoid of any argument or reasoning supporting his contentions.

{¶18} Appellant only provides a statement of law under each assignment with nothing more. Without knowing Appellant's reasons or analyses supporting his assignments of error, we have no choice but to presume the trial court applied the law correctly. Appellant's assignments of error are without merit.

4

{¶19} The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-P-0097